**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Bruce B. PERSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 24, 2011.
Filed Jan. 9, 2012.

Karl Baker, Public Defender, and Isla A. Fruchter, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney and Anthony V. Pomeranz, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: BENDER, DONOHUE and ALLEN, JJ.

OPINION BY BENDER, J.:

Appellant, Bruce B. Person, appeals from the judgment of sentence of a mandatory term of five to ten years' imprisonment, followed by three years' probation, imposed after he was convicted of possession with intent to deliver (PWID) marijuana, criminal use of a communication instrument, possession of cocaine, possession of drug paraphernalia, and possession of an offensive weapon. Appellant challenges the imposition of a mandatory minimum term of five years' imprisonment for his conviction of PWID. For the following reasons, we are compelled to vacate Appellant's judgment of sentence and remand for resentencing.

The facts of this case, as gleaned from the trial court's opinion, are as follows. On March 23, 2009, Philadelphia Police Officers received a complaint that Appellant was selling narcotics out of a home at 146 North Dearborn Street. The complainant provided a physical description of Appellant as well as his cell phone number. Based on this information, Officer Gina Jackson set up surveillance of the residence at 146 North Dearborn Street on March 24, 2009. During her surveillance, Officer Jackson observed Appellant exit that home and meet with an unknown man who handed Appellant money, after which Appellant gave the man a small item. The unknown man then left the area and was not stopped. Meanwhile, Appellant reentered the house at 146 North Dearborn Street.

That same day, March 24, 2009, Officer Jackson contacted Officer Linwood Fairbanks and requested that he purchase narcotics from Appellant in an undercover capacity. Officer Fairbanks called Appellant on the cell phone number provided by

the complainant and inquired about purchasing drugs. He was told by Appellant to wait on the 100 block of Dearborn Street. Officer Fairbanks went to that location with $20 in United States currency. A short time later, Appellant arrived, had a brief conversation with Officer Fairbanks, and then went into the residence at 146 North Dearborn Street. Appellant quickly returned and handed Officer Fairbanks four red-tinted ziplock packets of marijuana in exchange for the officer's $20.

Based on this sale, Officer Jackson obtained a warrant to search the home at 146 North Dearborn Street. However, on March 26, 2009, prior to executing that warrant, Officer Fairbanks again called Appellant and arranged a drug transaction. Officer Fairbanks returned to the same location of the original drug purchase and bought from Appellant an additional five red-tinted ziplock packets of marijuana with $20 of pre-recorded United States currency. After the drug transaction, Appellant returned to the home at 146 North Dearborn Street. Moments later, Officer Jackson approached the residence to execute the search warrant. When she got to the front door, she heard motion inside and, upon opening the door, she saw Appellant running from the living room up the stairs to the second floor of the home. Officer Jackson pursued Appellant into a second floor bedroom and saw him throw something into a closet. Also present in that bedroom were two adult women and a child.

Appellant was apprehended and the bedroom closet was searched, revealing a bag of five red-tinted packets of marijuana similar to those purchased by Officer Fairbanks. There were also three other packets containing crack cocaine found in the closet. From Appellant's person, police recovered the $20 pre-recorded currency used by Officer Fairbanks during the second drug purchase. Appellant also possessed $159 and a cell phone. A search of the rest of the home revealed a digital scale on the table in the kitchen, as well as a sawed-off shotgun on top of a cabinet in the kitchen. The shotgun was partially covered, but was visible from the living room of the home. The gun was later determined to be inoperable due to a broken firing pin.

Based on this evidence, Appellant was charged with the above-stated crimes, as well as possessing an instrument of crime (PIC). Following a non-jury trial, Appellant was convicted of each of these offenses except PIC. However, after his trial, Appellant filed a motion for extraordinary relief arguing that his conviction for possessing an offensive weapon could not stand, as the shotgun found in the home did not meet the definition of an "offensive weapon" as set forth in 18 Pa. C.S. § 908(c) (defining "offensive weapon" as including a sawed-off shotgun with a barrel length of less than 18 inches). Following a hearing, the court found that the shotgun did not meet the statutory definition of an offensive weapon as its barrel was over 18 inches in length. *See* Trial Court Opinion (T.C.O.), 3/15/11, at 9–10. Accordingly, the court granted Appellant's motion for extraordinary relief and reversed his conviction for possessing an offensive weapon.

Appellant then proceeded to a sentencing hearing, during which the Commonwealth sought the application of a mandatory minimum sentence of five years' imprisonment for Appellant's conviction of PWID pursuant to 42 Pa.C.S. § 9712.1(a). That section states:

(a) **Mandatory sentence.**—Any person who is convicted of a violation of section 13(a)(30) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and

Cosmetic Act, when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement. 42 Pa.C.S. § 9712.1(a). The trial court concluded that this mandatory minimum term of incarceration was applicable in Appellant's case, and sentenced him to five to ten years' incarceration for his PWID conviction, followed by three years' probation on his other charges.

Appellant filed a timely notice of appeal, as well as a timely concise statement of matters complained of on appeal pursuant to Pa.R.A.P.1925(b). Herein, he presents two issues for our review:

1. Was not the evidence insufficient, as a matter of law, to prove either that [A]ppellant possessed a firearm or that the possession occurred in [close] proximity to a drug offense, thereby making the mandatory sentencing provisions of 42 Pa.C.S. § 9712.1 for certain drug offenses inapplicable?

2. Because the firearm in this case was inoperable, is not the mandatory sentencing provision of 42 Pa.C.S. § 9712.1 inapplicable?

Appellant's Brief at 3.

■ Initially, we note that "[g]enerally, a challenge to the application of a mandatory minimum sentence is a non-waiveable challenge to the legality of the sentence." *Commonwealth v. Gutierrez,* 969 A.2d 584, 592 (Pa.Super.2009), *appeal denied,* 603 Pa. 690, 983 A.2d 726 (2009) (citation omitted). "Our standard of review over such questions is *de novo* and our scope of review is plenary." *Id.* (citation omitted).

■ In Appellant's first issue, he avers that for the mandatory sentencing provision of section 9712.1(a) to apply, the Commonwealth was required to prove, by a preponderance of the evidence, *both* that he possessed a firearm, and that he did so within close proximity to narcotics. *See* 42 Pa.C.S. § 9712.1(a), (c). We agree. *See Commonwealth v. Sanes,* 955 A.2d 369, 374 (Pa.Super.2008) (assessing whether firearms were in "close proximity" to the controlled substance after concluding that the Commonwealth established appellant's constructive possession of the firearms).

Appellant contends that the Commonwealth failed to prove that he constructively possessed the firearm found on top of a cabinet in the kitchen. Specifically, he maintains that "[n]o proof of residency connected [him] to the residence and other adults were present in the dwelling." Appellant's Brief at 9. Furthermore, Appellant argues that there was not proof of "joint control" of the firearm, as it was located in a common area of the home instead of a more private area, such as a bedroom. *Id.* at 10.

In *Sanes,* we explained the concept of constructive possession as follows:

When contraband is not found on the defendant's person, the Commonwealth must establish constructive possession.... Constructive possession is the ability to exercise conscious control or dominion over the illegal substance and the intent to exercise that control. [T]wo actors may have joint control and equal access and thus both may constructively possess the contraband. The intent to exercise conscious dominion can be inferred from the totality of the circumstances.

*Sanes,* 955 A.2d at 373 (citations and internal quotation marks omitted).

In the present case, the trial court provides a very brief—and somewhat confusing—discussion of why it concluded that Appellant constructively possessed the firearm, stating:

[Appellant] had both the power and intent to control this shotgun which was both visible and accessible to [Appellant] while carrying drugs for sale. *Commonwealth v. Mudrick*, 510 Pa. 305, 507 A.2d 1212, 1214 (1986). Constructive possession of a firearm in close proximity to a controlled substance falls within the mandatory minimum sentence requirements of 42 Pa.C.S. § 9712.1. The Court in [ ] *Sanes*, 955 A.2d [at] 376[ ][,] held that a defendant constructively possessed a firearm found in a box in a bedroom closet in close proximity to drugs located outside the closet on top of a dresser. *See also Commonwealth v. Zortman*, 985 A.2d 238, 239, 244 (Pa.Super.2009) (Popvich, J. dissents), *appeal granted*, 605 Pa. 658, 993 A.2d 869 (2010).[1]

In this case, [Appellant] was first seen in the living room adjacent to the kitchen. Based on testimony that [Appellant] ran up the stairs and threw objects later determined to be packets of marijuana and crack cocaine, this Court concluded that [Appellant] possessed the drugs on his person before throwing them into the bedroom closet upstairs. Therefore, because he was carrying marijuana for sale in close proximity to a shotgun, a five year sentence was imposed.

Trial Court Opinion (T.C.O.), 3/15/11, at 10.

However, our review of the cases upon which the trial court relies in concluding that Appellant constructively possessed the shotgun are distinguishable from the instant facts. For example, in *Mudrick*, we found that the defendant constructively possessed drugs found in the living room and bedroom of the home he shared with his fiancé based on evidence that he lived in the residence, shared the bedroom with his fiancé, and there was no evidence that anyone else resided in the house or was there when the officers arrived. *Mudrick*, 507 A.2d at 1212–1214. Similarly, in *Sanes*, this Court found that the defendant constructively possessed firearms located in a box in a bedroom closet and inside a jacket in a child's bedroom based on evidence that the defendant "lived in the residence, knew exactly where the firearms were, and led police to them." *Id.* at 374.[2]

To the contrary, in the instant case, there was no evidence presented that Appellant resided at 146 North Dearborn Street,[3] and he was not the sole adult

---

**1.** Since the trial court's opinion was issued, this Court's decision in *Zortman* was affirmed by our Supreme Court. *Commonwealth v. Zortman*, 23 A.3d 519 (Pa.2011).

**2.** The trial court also cites *Zortman*, where this Court reviewed whether an inoperable firearm could trigger the application of section 9712.1, and whether the gun possessed by the defendant was "in close proximity" to the drugs found in his home. At no point in *Zortman* did we assess the defendant's constructive possession of the firearm and, thus, we conclude that that case is inapplicable to our review of this issue.

**3.** The Commonwealth claims that it did admit evidence that Appellant resided at 146 North

Dearborn Street, specifically Appellant's arrest report. The Commonwealth contends that this report was admitted without objection from Appellant and showed that after Appellant's arrest, he told police that his address was 146 North Dearborn Street. We disagree. While the actual arrest report was admitted, Appellant's counsel expressly objected to the information contained therein regarding what address Appellant gave police, and the trial court sustained that objection. N.T. Trial, 7/20/09, at 36–38. Therefore, that evidence was not admitted and may not be considered by this Court in assessing Appellant's appeal. *See Commonwealth v. May*, 587 Pa. 184, 898 A.2d 559, 565 (2006) (noting that the admission of a document "does not

present in the home when police arrived. Furthermore, the gun was located in the kitchen, an area of the home accessible to anyone therein, including the two adult women present in the home at the time of Appellant's arrest. Officer Jackson testified at trial that she never saw Appellant enter the kitchen where the shotgun was located. N.T. Trial, 7/20/09, at 40. Thus, we cannot conclude, even by a preponderance of the evidence, that Appellant constructively possessed or controlled the shotgun.

Accordingly, the trial court erred in imposing the mandatory minimum term of five years' incarceration for Appellant's PWID conviction pursuant to 42 Pa.C.S. § 9712.1(a). Our disposition in this regard alters the trial court's sentencing scheme as a whole and, thus, we must vacate Appellant's judgment of sentence and remand for resentencing on all of his convictions. *See Commonwealth v. Deshong,* 850 A.2d 712, 714 (Pa.Super.2004) (stating "[w]hen a disposition by an appellate court alters the sentencing scheme, the entire sentence should be vacated and the matter remanded for resentencing."). In light of this decision, we need not address Appellant's remaining challenges to his sentence.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge ALLEN concurs in the result.

automatically render the statements included therein admissible.").