J-S62006-11

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRUCE B. PERSON, | |
| Appellant | No. 3372 EDA 2009 |

Appeal from the Judgment of Sentence Entered November 10, 2009
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos.:
CP-51-CR-0004662-2009
MC-51-CR-0013515-2009

BEFORE:  BENDER, DONOHUE and ALLEN, JJ.

MEMORANDUM BY BENDER, J.:                    **FILED OCTOBER 10, 2014**

Appellant, Bruce B. Person, appeals from the judgment of sentence of a mandatory term of five to ten years' imprisonment, followed by three years' probation, imposed after he was convicted of possession with intent to deliver (PWID) marijuana, criminal use of a communication instrument, possession of cocaine, possession of drug paraphernalia, and possession of an offensive weapon.  Appellant challenges the imposition of a mandatory minimum term of five years' imprisonment for his conviction of PWID under 42 Pa.C.S. § 9712.1, as well as the constitutionality of that sentencing statute.  After careful review, we vacate and remand for resentencing.

1

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

In a prior opinion published by this Court, we summarized the facts of Appellant's case as follows:

On March 23, 2009, Philadelphia Police Officers received a complaint that Appellant was selling narcotics out of a home at 146 North Dearborn Street. The complainant provided a physical description of Appellant as well as his cell phone number. Based on this information, Officer Gina Jackson set up surveillance of the residence at 146 North Dearborn Street on March 24, 2009. During her surveillance, Officer Jackson observed Appellant exit that home and meet with an unknown man who handed Appellant money, after which Appellant gave the man a small item. The unknown man then left the area and was not stopped. Meanwhile, Appellant reentered the house at 146 North Dearborn Street.

That same day, March 24, 2009, Officer Jackson contacted Officer Linwood Fairbanks and requested that he purchase narcotics from Appellant in an undercover capacity. Officer Fairbanks called Appellant on the cell phone number provided by the complainant and inquired about purchasing drugs. He was told by Appellant to wait on the 100 block of Dearborn Street. Officer Fairbanks went to that location with $20 in United States currency. A short time later, Appellant arrived, had a brief conversation with Officer Fairbanks, and then went into the residence at 146 North Dearborn Street. Appellant quickly returned and handed Officer Fairbanks four red-tinted ziplock packets of marijuana in exchange for the officer's $20.

Based on this sale, Officer Jackson obtained a warrant to search the home at 146 North Dearborn Street. However, on March 26, 2009, prior to executing that warrant, Officer Fairbanks again called Appellant and arranged a drug transaction. Officer Fairbanks returned to the same location of the original drug purchase and bought from Appellant an additional five red-tinted ziplock packets of marijuana with $20 of pre-recorded United States currency. After the drug transaction, Appellant returned to the home at 146 North Dearborn Street. Moments later, Officer Jackson approached the residence to execute the search warrant. When she got to the front door, she heard motion

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

inside and, upon opening the door, she saw Appellant running from the living room up the stairs to the second floor of the home. Officer Jackson pursued Appellant into a second floor bedroom and saw him throw something into a closet. Also present in that bedroom were two adult women and a child.

Appellant was apprehended and the bedroom closet was searched, revealing a bag of five red-tinted packets of marijuana similar to those purchased by Officer Fairbanks. There were also three other packets containing crack cocaine found in the closet. From Appellant's person, police recovered the $20 pre-recorded currency used by Officer Fairbanks during the second drug purchase. Appellant also possessed $159 and a cell phone. A search of the rest of the home revealed a digital scale on the table in the kitchen, as well as a sawed-off shotgun on top of a cabinet in the kitchen. The shotgun was partially covered, but was visible from the living room of the home. The gun was later determined to be inoperable due to a broken firing pin.

Based on this evidence, Appellant was charged with the above-stated crimes, as well as possessing an instrument of crime (PIC). Following a non-jury trial, Appellant was convicted of each of these offenses except PIC. However, after his trial, Appellant filed a motion for extraordinary relief arguing that his conviction for possessing an offensive weapon could not stand, as the shotgun found in the home did not meet the definition of an "offensive weapon" as set forth in 18 Pa.C.S. § 908(c) (defining "offensive weapon" as including a sawed-off shotgun with a barrel length of less than 18 inches). Following a hearing, the court found that the shotgun did not meet the statutory definition of an offensive weapon as its barrel was over 18 inches in length. *See* Trial Court Opinion (T.C.O.), 3/15/11, at 9–10. Accordingly, the court granted Appellant's motion for extraordinary relief and reversed his conviction for possessing an offensive weapon.

Appellant then proceeded to a sentencing hearing, during which the Commonwealth sought the application of a mandatory minimum sentence of five years' imprisonment for Appellant's conviction of PWID pursuant to 42 Pa.C.S. § 9712.1(a). That section states:

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

> **(a) Mandatory sentence.**—Any person who is convicted of a violation of section 13(a)(30) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.
>
> 42 Pa.C.S. § 9712.1(a). The trial court concluded that this mandatory minimum term of incarceration was applicable in Appellant's case, and sentenced him to five to ten years' incarceration for his PWID conviction, followed by three years' probation on his other charges.
>
> Appellant filed a timely notice of appeal, as well as a timely concise statement of matters complained of on appeal pursuant to Pa.R.A.P.1925(b).

*Commonwealth v. Person* (*Person I*), 39 A.3d 302, 303-305 (Pa. Super. 2012).

In his appeal in **Person I**, Appellant argued, *inter alia*, that the evidence was insufficient to prove that he possessed a firearm in close proximity to a drug offense and, thus, the imposition of the mandatory minimum sentence in section 9712.1 was improper. A panel of this Court agreed, emphasizing that "there was no evidence presented that Appellant resided at 146 North Dearborn Street, [] he was not the sole adult present in the home when police arrived[,] … the gun was located in the kitchen, an area of the home accessible to anyone therein, … [and] Officer Jackson

4

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

testified at trial that she never saw Appellant enter the kitchen where the shotgun was located." ***Person I***, 39 A.3d at 306-307. Based on these facts, we were unable to "conclude, even by a preponderance of the evidence, that Appellant constructively possessed or controlled the shotgun."[1] ***Id.*** at 307. Therefore, we vacated Appellant's mandatory sentence and remanded for resentencing. ***Id.***

The Commonwealth filed a timely petition for allowance of appeal to our Supreme Court. On March 12, 2014, the Court granted that petition, vacated our decision in ***Person I***, and remanded for this Court to reconsider the case in light of ***Commonwealth v. Hanson***, 82 A.3d 1023 (Pa. 2013) (discussing at length the meaning of "in close proximity" as it is used in 42 Pa.C.S. § 9712.1).

---

[1] Section 9712.1(c) sets forth the standard of proof for imposing the mandatory minimum sentence under that provision, stating:

> **(c) Proof at sentencing.--**Provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, **by a preponderance of the evidence**, if this section is applicable.

42 Pa.C.S. § 9712.1(c) (emphasis added).

J-S62006-11

On April 14, 2014, we issued an order directing Appellant and the Commonwealth to submit new appellate briefs discussing the applicability of **Hanson**. However, we also directed the parties to address the impact of **Alleyne v. U.S.**, 133 S.Ct. 2151 (2013), which was decided on June 17, 2013. In **Alleyne**, the United States Supreme Court held that any fact that serves to aggravate the minimum sentence must be found by the fact-finder beyond a reasonable doubt. **Alleyne**, 133 S.Ct. at 2160-2161.

On September 8, 2014, Appellant filed his revised brief with this Court, presenting the following three claims for our review:

> 1. Was not the mandatory minimum sentence of 5 years['] incarceration imposed pursuant to 42 Pa.C.S. § 9712.1 illegal as the facts necessary for the imposition of the mandatory minimum in this non-jury matter were not established beyond a reasonable doubt as mandated by **Alleyne**?
>
> 2. Is not 42 Pa.C.S. § 9712.1 unconstitutional, void and unenforceable where multiple procedural provisions within the statute are unconstitutional under the holding in **Alleyne** and cannot properly be severed from the remaining statute pursuant to **Commonwealth v. Newman**, [2014 WL 4088805, 2014 Pa. Super. 178 (2014)] (*en banc*), decided August 20, 2014?
>
> 3. Was not the evidence insufficient, as a matter of law, to prove that [A]ppellant was in "physical possession or control" of the weapon at issue, thereby making the mandatory sentencing provisions of 42 Pa.C.S. § 9712.1 for certain drug offenses inapplicable?

Appellant's Brief at 3.

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

For the reasons that follow, we need only address Appellant's second issue. As Appellant points out, in this Court's recent *en banc* decision in **Newman**, we held that "the sentencing practice under Section 9712.1 is unconstitutional" in light of **Alleyne**.[2] **Newman**, 2014 WL 4088805 at *1, *10. We also rejected the Commonwealth's argument "that Subsection (a) of Section 9712.1, which sets the predicate for the mandatory minimum sentence, survives constitutional muster and that only Subsection (c), which directs that the trial court shall determine the predicate of Subsection (a) by a preponderance of the evidence, fails." **Id.** at *13. Instead, we held that "Subsections (a) and (c) of Section 9712.1 are essentially and inseparably connected" and, therefore, the unconstitutional portion of the statute could not be severed from the rest. **Id.**

In light of **Newman**, it is clear that section 9712.1 is unconstitutional and, thus, Appellant's mandatory minimum sentence is illegal.[3]

---

[2] We note that because both **Alleyne** and **Newman** were decided during the pendency of Appellant's direct appeal, they apply retroactively to his case. **See Newman**, 2014 WL 4088805, at *2 (noting the United States Supreme Court's holding that "[w]hen a decision of this Court results in a 'new rule,' that rule applies to all criminal case still pending on direct review") (quoting **Schriro v. Summerlin**, 542 U.S. 348, 351 (2004) (citation omitted)). Moreover, Appellant's issues implicate the legality of his sentence, and "challenges to '[a]n illegal sentence can never be waived and may be raised *sua sponte* by this Court.'" **Commonwealth v. Randal**, 837 A.2d 1211, 1214 (Pa. Super. 2003).

[3] We point out that even if **Newman** did not render section 9712.1 unconstitutional, Appellant's sentence would still be illegal under **Alleyne**, as it is apparent from the record that the fact that triggered application of

7

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

Consequently, we vacate his judgment of sentence and remand for the re-imposition of a sentence without consideration of any mandatory minimum term provided by section 9712.1. **See Newman**, 2014 WL 4088805 at *15.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2014

---

section 9712.1 was determined by a preponderance of the evidence at the time of Appellant's sentencing.