J-S40041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HASSAN ROBINSON | : | |
| | : | |
| Appellant | : | No. 2434 EDA 2016 |

Appeal from the Judgment of Sentence May 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009742-2015

BEFORE:   OTT, DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                    **FILED JULY 25, 2017**

Clarence Robinson appeals from the judgment of sentence imposed May 4, 2016, in the Philadelphia County Court of Common Pleas.[1]  The trial court sentenced Robinson to an aggregate term of seven to 15 years' imprisonment following his non-jury conviction of persons not to possess firearms and possession of an instrument of crime ("PIC").[2]  On appeal,

---

[*] Former Justice specially assigned to the Superior Court.

[1] Robinson was tried jointly with his two co-defendants, Lawrence Mangrum and Clarence Glenn.  All three were convicted of the same offenses.  They are now represented by the same attorney on appeal, and have filed identical briefs.  **See Commonwealth v. Mangrum**, 2149 EDA 2016; **Commonwealth v. Glenn**, 2078 EDA 2016.

[2] **See** 18 Pa.C.S. §§ 6105 and 907, respectively.

Robinson challenges the sufficiency and weight of the evidence supporting his convictions. For the reasons below, we affirm.

The facts underlying Robinson's conviction were aptly summarized by the trial court as follows:

Officer Kevin Lewis of the Philadelphia Police Department testified that at approximately 8:48 PM on August 19, 2015, he and his partner, Officer Sanders, were on duty and were parked at the intersection of 56th and Haverford Ave. in the city and County of Philadelphia when they heard the sound of nearby gunfire. Believing it to have come from the area of "55th and Vine, which is a block down and... one block over," he immediately drove to the vicinity and observed three males, identified in Court as [Robinson] and his Co-Defendants, [] Mangrum and [] Glenn, "running across Vine from 300 Sickles onto 200 Sickles." The three males were the only individuals he observed in the area.

Believing "the males might possibly come out of the breezeway there", Officer Lewis drove to the 5400 block of Summer Street to intercept them. On arriving, he observed the three males attempting "to get into a white Oldsmobile, which was running on the highway unattended." Officer Lewis and his partner "were able to stop them from getting in the car and get them in handcuffs." Officer Lewis estimated that it took "between ten and fifteen seconds" from when he first heard the gunshots to when he intercepted [Robinson] and the two other Co-Defendants.

On August 19, 2015, Detective Vincent Parker of the Philadelphia Police Department was on duty, along with his partner, Detective Ortiz. They responded to the area of 300 North 55 Street, the location of the incident in question, where Detective Parker observed his partner recover "12 9 MM FCCs [fired cartridge casings] ... on the west side of the street" and four 9MM FCCs... from the east side of the street near the walkway." Detective Parker also personally recovered three firearms from 236 Sickles Way. This was corroborated by Officer Lewis, who testified that these three firearms were located in "the flight path" that he observed the three Co-Defendant's "run

through", only "about 20 yards" from where the white Oldsmobile was located with the engine running.

At his waiver trial it was stipulated by counsel that [Robinson] did not "have a valid license to carry a firearm" and was prohibited from carrying a firearm. It was also stipulated that the FCCs recovered correspond to two of the three firearms recovered by Detective Parker, with the third firearm being determined to be inoperable.

Trial Court Opinion, 10/17/2016, at 3-4 (record citations omitted).

Robinson and his co-defendants were subsequently charged with persons not to possess firearms, possession of a firearm without a license, possession of a firearm on a public street in Philadelphia, PIC, and conspiracy.[3] They proceeded to a joint non-jury trial held on February 26, 2016. At the conclusion of the testimony, the trial court found Robinson guilty of persons not to possess firearms and PIC, and not guilty of the remaining charges. On May 4, 2016, the court sentenced Robinson to a term of five to 10 years' incarceration for the firearms offense, and a consecutive term of two to five years' incarceration for PIC. Robinson filed a timely post-sentence motion challenging the sufficiency and weight of the evidence and requesting reconsideration of his sentence. The trial court denied Robinson's motion on July 20, 2016, and this timely appeal followed.[4]

_____

[3] 18 Pa.C.S.§§ 6105, 6106, 6108, 907, and 903, respectively.

[4] On August 16, 2016, the court ordered Robinson to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Robinson complied with the court's directive, and filed a concise statement on September 6, 2016.

Preliminarily, we must address the trial court's contention that Robinson's issues are waived on appeal as a result of his vague concise statement. **See** Trial Court Opinion, 10/17/2016, at 2-3. It is well-settled that when a trial court directs an appellant to file a Rule 1925(b) statement, the statement must "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). Indeed, this Court has found waiver where an appellant's concise statement is too vague to permit review. **Commonwealth v. Tyack**, 128 A.3d 254, 260 (Pa. Super. 2015). Particularly, when an appellant challenges the sufficiency of the evidence,

> the [Rule] 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a Rule] 1925(b) statement [ ] does not specify the allegedly unproven elements[,] ... the sufficiency issue is waived [on appeal].

**Id.**, *quoting* **Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa. Super. 2008) (quotation omitted). The same is true for a challenge to the weight of the evidence. **See Commonwealth v. Freeman**, 128 A.3d 1231, 1248-1249 (Pa. Super. 2015).

Nevertheless, when our appellate review is not hindered by the defects in the concise statement, we have declined to find waiver. **See Commonwealth v. Smith**, 955 A.2d 391, 393 (Pa. Super. 2008) (finding issues not waived despite vague Rule 1925(b) statement when the trial court "filed an opinion which meaningfully addressed the [appellant's]

- 4 -

arguments."). In the present case, Robinson filed a post-sentence motion in which he challenged both the weight and sufficiency of the evidence, and, in particular, asserted that "[t]he evidence presented at trial was insufficient to prove that [he] possessed a firearm, a necessary element of both 6105 and PIC." Motion for Judgment of Acquittal, 5/4/2016, at ¶ 3. Moreover, the trial court, despite finding waiver, addressed both claims in its opinion. *See* Trial Court Opinion, 10/17/2016, at 5-9. Consequently, because we are able to meaningfully review Robinson's issues on appeal, we decline to find his claims waived.

In his first issue, Robinson contends the evidence was insufficient to support his convictions because the Commonwealth failed to prove he possessed a firearm on the night in question. Our review of a challenge to the sufficiency of the evidence is well-established:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually

received must be considered.  Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

"This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt."  "Although a conviction must be based on 'more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty.'"

***Commonwealth v. Antidormi***, 84 A.3d 736, 756 (Pa. Super. 2014) (internal citations omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014).

In the present case, Robinson challenges his convictions of persons not to possess firearms and PIC.  Section 6105 of the Uniform Firearms Act,[5] provides, *inter alia*, that a person who has been convicted of certain enumerated offenses, "shall not possess, use, control, sell, transfer or manufacture … a firearm in this Commonwealth."  18 Pa.C.S. § 6105(a)(1). Furthermore, pursuant to Section 907 of the Crimes Code, "[a] person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally."  18 Pa.C.S. § 907(a).

Here, Robinson stipulated he was prohibited from possessing a firearm under Section 6105.  **See** N.T., 2/26/2016, at 51.  Moreover, it is axiomatic that "[a] handgun is clearly an instrument of crime as defined" in the PIC statute.  ***Commonwealth v. Monroe***, 422 A.2d 193, 195 (Pa. Super. 1980).  Consequently, Robinson's argument focuses on the court's finding

---

[5] 18 Pa.C.S. § 6101 *et seq*.

that he "constructively possessed one of the firearms the police found." Robinson's Brief at 9.

Because Robinson did not possess a firearm on his person at that time of his arrest, the Commonwealth was required to establish that Robinson constructively possessed one of the three firearms recovered from the courtyard.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013) (citation omitted), *appeal denied*, 78 A.3d 1090 (Pa. 2013). "Additionally, it is possible for two people to have joint constructive possession of an item of contraband." *Id.* at 820-821.

Relying on *Commonwealth v. Carter*, 450 A.2d 142 (Pa. Super. 1982), Robinson argues the evidence was insufficient to establish he had "both the power to control and the intent to exercise that control over the firearm." Robinson's Brief at 9. First, he notes the guns were recovered from "the courtyard of a five-building public housing project in which hundreds of people lived and to which hundreds more had access." *Id.* at 10. Second, he emphasizes neither his DNA nor his fingerprints were discovered on any of the weapons, and he told police he was running

because "somebody had just shot at him." *Id.* Finally, Robinson maintains: "Other than the fact that [he] was seen by Officer Lewis running from the area in which the gun was found, there was no evidence connecting him to the gun." *Id.* Accordingly, he asserts his convictions were based upon "mere conjecture, speculation, and suspicion." *Id.*

The trial court addressed Robinson's sufficiency claim as follows:

Within seconds of hearing gunfire, Officer Lewis saw [Robinson] and his two Co-Defendants, fleeing the area. He, and his partner apprehended the three Co-Defendants as they were trying to enter an unattended and running vehicle. Only ten to fifteen seconds had passed from when the shots were first fired and the three Co-Defendants were taken into custody.

Subsequent inspection of the Co-Defendant's flight path led to the recovery of three firearms, as well as multiple FCCs that came from two of the recovered firearms. Because it was stipulated that [Robinson] was prohibited from possessing a firearm, and because possession is the only element in dispute as it relates to the PIC charge, the Commonwealth only needed to prove that [Robinson] possessed a firearm for [Robinson] to be found guilty of Possession of a Firearm by Persons Prohibited and PIC. In viewing the totality of the circumstances, it is clear that [Robinson] illegally possessed a firearm.

In finding [Robinson] guilty, the Court stated "[to] find the defendants not guilty, I really would have to torture the facts. I mean, it defies reason. I would have to manufacture a reasonable doubt, and I'm not going to do that. The Court also stated:

"It's a circumstantial evidence case, the circumstances being you have a well-defined crime scene, a shooting that takes place we know just within moments because the police are right there and hear it. You have them running from the direction of the crime scene toward a waiting car. And along the way, along their path, they find three guns – three guys, three guns."

Specifically, the court found that the presence of the unattended white Oldsmobile in such close proximity of the crime scene was a key factor, stating:

"The white Oldsmobile says they're involved, doesn't it?

Who leaves a car running with nobody in it unless they expect to be back soon and be in a hurry to get away?

Even if you're just going to, you know, be gone for a little bit and come back in a short time, you turn your car off. You take your key with you. You go wherever you're going to go, do whatever you're going to do, unless you know that you're running from something and then you want to be able to jump into the car and take off.

I mean that car is what prevents me from accepting your argument. It's not just the shooting took place somewhere and these guys happen to be in the neighborhood. They're running for that car.

The Court finds that the circumstantial evidence presented in this case by the Commonwealth is sufficient to support [Robinson's] convictions for Possession of a Firearm by Persons Prohibited and PIC.

Trial Court Opinion, 10/17/2016, at 7-8 (record citations omitted).

Our review of the record and relevant case law reveals ample support for the trial court's decision. Absent from Robinson's discussion is the one fact the trial court found to be dispositive – Robinson and his cohorts were apprehended while attempting to flee in an **unattended, running vehicle** just moments after the shooting. *See* N.T., 2/26/2016, at 15. Indeed, Officer Lewis testified he intercepted the three men "between ten and 15 seconds" after he heard the initial gunshots, and saw no other individuals in the area. *Id.* at 16, 21. Further, he estimated the guns were recovered "about 20 yards" from where the men were found, in the "flight path that

[he] observed the males run through." *Id.* at 17. As Officer Lewis continued to retrace the defendants' steps, he recovered "over 15 shell casings" in the courtyard of the housing development. *Id.* at 18. The totality of these circumstances supports the trial court's finding that Robinson had the power and intent to control one of the three recovered firearms. *See Hopkins*, *supra*.

Moreover, the decision in *Carter* does not affect our analysis. In that case, a panel of this Court held the evidence was sufficient to establish the defendant constructively possessed a firearm recovered from a vehicle in which he was the driver. *See Carter*, *supra*, 450 A.2d at 147-148. Although there were four other occupants in the car, the panel concluded the location of the firearm (under the brake pedal), and the actions of the defendant immediately after the stop (bending down towards the floorboard), supported the trial court's finding that the defendant had constructive possession of the weapon. *See id.* Similarly, here, Robinson's actions in fleeing from the crime scene, moments after gunshots were heard, to an unattended vehicle left running for a quick getaway, was sufficient to support the trial court's determination that Robinson constructively possessed one of the weapons.[6] Accordingly, no relief is warranted on Robinson's first issue.

_____

[6] We note Robinson also relies on this Court's decision in *Commonwealth v. Person*, 39 A.3d 302 (Pa. Super. 2012), in which the panel determined
*(Footnote Continued Next Page)*

Next, Robinson challenges the weight of the evidence supporting his convictions. Our review of a weight claim is well-established:[7]

> The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of "a mere conflict in the testimony" and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock one's conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. An appellate court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice.

_(Footnote Continued)_ _____

the defendant did not have constructive possession of a gun recovered from the top of a kitchen cabinet for purposes of applying the now unconstitutional mandatory minimum sentence found at 42 Pa.C.S. § 9712.1 (mandatory sentence for defendant who possesses firearm while selling narcotics). **_See Person_**, **_supra_**, 39 A.3d at 306-307. Indeed, the panel emphasized the defendant did not reside in the home, did not have exclusive access to the area where the gun was recovered, and was not seen entering the kitchen. **_See id._** at 307. However, Robinson fails to acknowledge that the Pennsylvania Supreme Court vacated this Court's opinion on appeal, and remanded for further consideration in light of the Supreme Court's decision in **_Commonwealth v. Hanson_**, 82 A.3d 1023 (Pa. 2013). **_See Commonwealth v. Person_**, 86 A.3d 864 (Pa. 2014). Therefore, the Superior Court's original decision is of little precedential value.

[7] We note Robinson properly preserved his weight of the evidence claim by raising the issue in a timely post-sentence motion before the trial court. **_See_** Pa.R.Crim.P. 607(A)(3).

*Commonwealth v. Rosser*, 135 A.3d 1077, 1090 (Pa. Super. 2016) (*en banc*), *appeal denied*, 2017 WL 1194930 [711 MAL 2016] (Pa. March 31, 2017) (quotation omitted).

In support of his claim, Robinson emphasizes "there was no evidence to connect him to the guns found by the police." Robinson's Brief at 10. He maintains that while the trial court relied upon the fact he was apprehended as "he attempted to get into a running car[,]" the Commonwealth presented no evidence "that Robinson owned the car or had arrived at the location in the car." *Id.* at 11. Moreover, Robinson repeats his assertion that there was no DNA or fingerprint evidence linking him to the recovered weapons. *See id.*

The trial court denied Robinson's weight claim by emphasizing that the police officers were "credible witnesses as their testimony was credible, clear, convincing, truthful, and uncontradicted." Trial Court Opinion, 10/17/2016, at 9. Although Robinson's conviction rests solely upon circumstantial evidence, we detect no abuse of discretion on the part of the trial court in concluding the weight of the evidence, considering all the circumstances surrounding Robinson's arrest, supports the guilty verdicts. Indeed, we agree with the trial court's determination that the verdict does not "shock one's sense of justice and make the award of a new trial imperative." *Id.*, *quoting* **Commonwealth v. Rosetti**, 863 A.2d 1185, 1192 (Pa. Super. 2004) (citation omitted), *appeal denied*, 878 A.2d 864 (Pa. 2005). Accordingly, Robinson is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/25/2017