411 A.2d 532

**COMMONWEALTH of Pennsylvania**

v.

**Robert W. MANLIN, Appellant.**

Superior Court of Pennsylvania.

Argued March 20, 1979.

Filed Oct. 5, 1979.

Joseph C. Bernstein, Allentown, for appellant.

Henry S. Perkin, Assistant District Attorney, Allentown, for Commonwealth, appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

LIPEZ, Judge:

Appellant was convicted, after a jury trial, of simple assault,[1] two counts of criminal conspiracy[2] and three counts of official oppression.[3] They arose out of three unrelated disciplinary proceedings, held in the prison of which appellant was then Deputy Warden, in the course of which three inmates had been assaulted by appellant and certain prison guards.

Appellant argues that section 5301 of the Pennsylvania Crimes Code is unconstitutionally vague. The section reads as follows:

§ 5301  Official oppression

A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a misdemeanor of the second degree if, knowing that his conduct is illegal, he:

(1) subjects another to arrest, detention search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights; or

(2) denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity.

18 Pa.C.S. § 5301. The three Informations lodged against appellant alleged that he had subjected the inmates to "mistreatment." Appellant claims that, since "mistreat-

1.  18 Pa.C.S. § 2701(a).

2.  18 Pa.C.S. § 903(a).

3.  18 Pa.C.S. § 5301.

ment" is not defined by the Crimes Code, he was not accorded fair notice that his conduct was forbidden.

"It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706, 713 (1975). That is, "when an ascertainable standard is present in a statute, the violator whose conduct falls clearly within the scope of such standard has no standing to complain of vagueness." *Commonwealth v. Heinbaugh*, 467 Pa. 1, 7, 354 A.2d 244, 247 (1976). *See Parker v. Levy*, 417 U.S. 733, 756, 94 S.Ct. 2547, 2561, 41 L.Ed.2d 439, 458 (1974). The evidence of record in this case shows that appellant struck and kicked three inmates of Lehigh County Prison without justification or excuse in the course of disciplinary hearings conducted by appellant in his official capacity as Deputy Warden of that prison. Examining the challenged statute in the light of the conduct with which appellant was charged, *United States v. Nat'l Dairy Corp.*, 372 U.S. 29, 32–33, 83 S.Ct. 594, 597–598, 9 L.Ed.2d 561 (1963), it is obvious that appellant should reasonably have understood that his conduct was proscribed by the statutory prohibition of "mistreatment." "Mistreatment" is clearly an ascertainable standard; it is in common usage, is equated with abuse, and has a commonly understood meaning. *State v. Comeaux*, La., 319 So.2d 897, 899; *see State v. Samter*, 4 Or.App. 349, 479 P.2d 237, 239. The application of the statute to appellant's conduct was therefore not unconstitutional.

Appellant next asserts that the evidence was insufficient to support the criminal conspiracy convictions. Conspiracy need not be proven by evidence of explicit or formal agreement to commit an unlawful act. More than mere association must be shown, but evidence of appellant's actions and the circumstances in which they were taken is sufficient if it allows a reasonable inference that a corrupt agreement existed. *Interest of Gonzalez*, 255 Pa.Super. 217,

386 A.2d 586 (1978). "[A] conspiracy may be inferentially established by showing the relation, conduct or circumstances of the parties, and the overt acts on the part of the co-conspirators have uniformly been held competent to prove that a corrupt confederation has in fact been formed." *Commonwealth v. Henderson*, 249 Pa.Super. 472, 483, 378 A.2d 393, 398 (1977). As to each count of conspiracy, the evidence examined in the light most favorable to the Commonwealth as verdict-winner, *Commonwealth v. Kichline*, 468 Pa. 265, 361 A.2d 282 (1976), shows that appellant had ordered separate disciplinary hearings to deal with infractions of prison regulations committed by two inmates, the physical abuse of whom was alleged to be the object of the conspiracy. Appellant's co-conspirators (certain prison guards) were present at each hearing at his direction. The evidence shows further that appellant and his co-conspirators, without provocation, struck, restrained and otherwise physically attacked the inmates. It was also shown that the inmates were attacked by the guards only after they (the inmates) had been struck or kicked by appellant, and that the abuse continued for one or two minutes, with both appellant and the guards participating, until appellant ordered that it cease. The jury, as the fact finder, could, and did, make the reasoned deduction (i. e., inference) from that evidence that appellant and the guards had an agreement or understanding among themselves to use physical violence against the prisoners during the hearings.

■ Appellant's contention that the evidence was insufficient to sustain the conviction of simple assault is without merit. The evidence shows that appellant struck the inmate concerned in the face with his fist. The inmate testified that he felt pain as a result. The evidence thus shows at least an attempt to cause bodily injury, which is sufficient to make out the offense of simple assault. 18 Pa.C.S. § 2701(a)(1).

Judgment of sentence affirmed.