450 A.2d 142

**COMMONWEALTH of Pennsylvania**

v.

**Wilbur CARTER, Appellant.**

Superior Court of Pennsylvania.

Argued May 24, 1982.

Filed Sept. 10, 1982.

Vincent Iannello, Jr., Media, for appellant.

Vram Nedurian, Jr., Newton Square, David E. Fritchey, Deputy District Attorney, John A. Reilly, District Attorney, Media, for Commonwealth, appellee.

Before BROSKY, WIEAND and BECK, JJ.

WIEAND, Judge:

Wilbur Carter was tried without jury and convicted of possession of an instrument of crime,[1] possession of a firearm without a license[2] and conspiracy to possess an instrument of crime.[3] Motions for new trial and in arrest of judgment were denied, and appellant was sentenced to a term of imprisonment of not less than one year nor more than two years on the conviction for possession of an instrument of crime. Sentence on the remaining convictions was suspended. Carter argues on direct appeal that the evidence was insufficient to sustain the convictions.

"In appraising the sufficiency of evidence, we must apply a two-step test. First, we must regard the evidence in the light most favorable to the Commonwealth, accepting as true all evidence upon which the fact finder could properly have based its verdict; then we must ask whether that evidence, with all reasonable inferences from it, was sufficient to prove guilt beyond a reasonable doubt." *Commonwealth v. Herriott,* 265 Pa.Super. 143, 147, 401 A.2d 841, 843–844 (1979) quoting *Commonwealth v. Eddington,* 255 Pa.Super. 25, 26, 386 A.2d 117, 117–118 (1978). Accord: *Commonwealth v. Stockard,* 489 Pa. 209, 212–213, 413 A.2d 1088, 1090 (1980); *Commonwealth v. Allen,* 287 Pa.Super. 88,

1. 18 Pa.C.S. § 907(b).

2. 18 Pa.C.S. § 6106.

3. 18 Pa.C.S. §§ 903; 907(b).

94, 429 A.2d 1113, 1115 (1981); *Commonwealth v. Bentley,* 276 Pa.Super. 41, 44, 419 A.2d 85, 86 (1980).

The evidence, as summarized in the trial court's opinion, established the following facts. "[O]n September 4, 1980 at approximately 12:30 in the morning, Officer Paul Schaum, Jr. of the Springfield Police Department was patrolling along Baltimore Pike in an unmarked car. He drove into the parking lot of an A & P Food Market to check the store which was open all night. When he drove into the parking lot, Officer Schaum noticed a brown Ford LTD with New Jersey license plates riding slowly in front of the Market. Officer Schaum stopped his vehicle and observed the other car as it pulled up near the door of the market and stopped for a moment. Officer Schaum was able to observe five people in the car ... Gerald Gatewood was sitting in the front passenger's seat; Wilbur Carter was sitting in the left rear seat and Nathaniel Wertz occupied the right rear seat of the vehicle. After stopping the car in front of the market, the driver turned the car around and drove past Officer Schaum's vehicle. The occupants of the car looked at Officer Schaum as they rode by. The car then left the parking lot and made a left turn onto Baltimore Pike. Officer Schaum followed the car as it began to drive through Springfield. During the time he was following the car, Officer Schaum noticed ... Wertz looking out the back window of the vehicle. Officer Schaum continued to follow the car through a residential area and then a small business district of Springfield for approximately five to ten minutes until the car stopped at a traffic light at Bishop Avenue and Springfield Road. While at the light, defendant Carter got out of the car and switched places with the driver. Carter then proceeded to drive the car through the red light and he began heading down Springfield Road at a rate of speed estimated by Officer Schaum to be in excess of 50 miles per hour. Officer Schaum continued to follow the car, and he then radioed for assistance to stop the vehicle. Detective John Reif of the Clifton Heights Police Department responded to Officer Schaum's call and blocked the southbound lane of Springfield Road just below Baltimore Pike. When the

[vehicle] arrived at Detective Reif's location, defendant Carter stopped the vehicle after its front end went up onto the pavement immediately in front of Detective Reif's car. Detective Reif got out of his vehicle, but he remained behind the open door of the car. He noticed defendant Carter slumping down in his seat so that only Carter's head was visible to Detective Reif. Detective Reif ordered Carter to place his hands on the car's windshield. Carter failed to obey the order at first, but obeyed when Detective Reif repeated the instruction. Detective Reif then ordered Carter to turn off the car's engine and to get out of the car with his hands in the air. Carter obeyed the orders and walked to the rear of the car where Detective Reif's partner was standing. At this point, an Aldan police officer arrived on the scene and he removed . . . Gatewood from the front passenger seat of the car. Detective Reif walked over to the [stopped] vehicle. The driver's door of the car was still open and when Detective Reif looked inside, he observed a chrome-colored .25 caliber automatic pistol on the floor under the driver's seat. The gun was found under the brake pedal. Detective Reif reached into the car and took possession of the gun. Officer Schaum arrived on the scene at this time and he was handed the gun by Detective Reif. Officer Schaum then went to the right rear door of the . . . car and ordered the three passengers in the rear to get out of the car . . . Wertz got out first and as he was leaving the car, Officer Schaum saw a .38 caliber revolver on the floor directly below where Wertz was sitting. After the two remaining occupants of the car got out, Officer Schaum seized the gun. Both guns which were seized were loaded."

Appellant did not physically have the .25 caliber pistol on his person. He argues that the evidence also failed to show that he had constructive possession of the pistol. Mere presence in an automobile in which a weapon is found, he correctly contends, is not sufficient to prove that a passenger is in possession of the weapon. *Commonwealth v. Townsend*, 428 Pa. 281, 237 A.2d 192 (1968). To show possession the Commonwealth was required to establish that appellant had the power of control over the weapon and the

intention to exercise that control. *Commonwealth v. Armstead,* 452 Pa. 49, 51, 305 A.2d 1, 2 (1973); *Commonwealth v. Townsend, supra* 428 Pa. at 284, 237 A.2d at 194; *Commonwealth v. Hamm,* 301 Pa.Super. 266, 269, 447 A.2d 960, 962 (1982); *Commonwealth v. Luddy,* 281 Pa.Super. 541, 548, 422 A.2d 601, 604 (1980), *cert. denied,* 454 U.S. 825, 102 S.Ct. 114, 70 L.Ed.2d 99 (1981); *Commonwealth v. Bentley, supra,* 276 Pa.Super. at 46, 419 A.2d at 87; *Commonwealth v. Flythe,* 273 Pa.Super. 248, 252, 417 A.2d 633, 634 (1979); *Commonwealth v. DeCampli,* 243 Pa.Super. 69, 74, 364 A.2d 454, 456 (1976). However, possession may be proved by circumstantial evidence. *Commonwealth v. Bentley, supra* 276 Pa.Super. at 46, 419 A.2d at 87. "Individually, the circumstances may not be decisive; but, in combination, they may justify an inference that the accused had both the power to control and the intent to exercise that control, which is required to prove constructive possession." *Commonwealth v. DeCampli, supra,* 243 Pa.Super. at 75, 364 A.2d at 456. Accord: *Commonwealth v. Luddy, supra* 281 Pa.Super. at 548, 422 A.2d at 605; *Commonwealth v. Bentley, supra,* 276 Pa.Super. at 46, 419 A.2d at 87. The lower court, which as fact finder, was free to believe all, part or none of the evidence, *Commonwealth v. Allen, supra* 287 Pa.Super. at 94–95, 429 A.2d at 1116; *Commonwealth v. Thomas,* 284 Pa.Super. 375, 386, 425 A.2d 1151, 1156 (1981), found that the gun had been on the floor below and within the clear view of appellant while the car was being driven and when it was stopped. The court inferred, therefore, that appellant had been aware of the presence of the gun and that the gun had been within the area of his immediate control. The evidence, as found by the fact finder, also established that none of the other occupants of the vehicle had had an opportunity in the period between the stop and the discovery of the gun to place the gun on the floor. Moreover, the evidence of appellant's behavior after the car was stopped—bending down to reach the floor and temporarily failing to respond to the police officer's directions to place his hands on the windowshield—provided an additional circumstance adding weight to the trial court's conclusion that appellant had

148

either placed the gun on the floor while bent over, or, at least, was aware of its presence and intended to exercise control over it. The evidence, therefore, was sufficient to support the trial court's determination that appellant had been in constructive possession of the gun and guilty of violating Sections 907(b) and 6106 of the Crimes Code.

■ We agree with appellant, however, that the evidence was insufficient to show a conspiracy with other occupants of the vehicle to possess the .25 caliber pistol. "An unlawful agreement or an agreement to do a lawful act in an unlawful manner is an essential element of a conspiracy, and the agreement among coconspirators is the nexus which makes each member criminally responsible for acts of the others in furtherance of the conspiracy. Thus, a necessary ingredient of evidence sufficient to support a conspiracy conviction is proof beyond a reasonable doubt of a conspiratorial agreement." *Commonwealth v. Dolfi,* 483 Pa. 266, 271, 396 A.2d 635, 637 (1979). This, too, can be shown by circumstantial evidence. *Commonwealth v. Dolfi, supra,* 483 Pa. at 271, 396 A.2d at 638; *Commonwealth v. Holmes,* 482 Pa. 97, 105, 393 A.2d 397, 401 (1978); *Commonwealth v. Smith,* 289 Pa.Super. 356, 367, 433 A.2d 489, 495 (1981); *Commonwealth v. Walton,* 289 Pa.Super. 411, 414, 433 A.2d 517, 518 (1981); *Commonwealth v. Young,* 280 Pa.Super. 393, 397–398, 421 A.2d 779, 781 (1980). "However, 'a conviction based solely on inference, suspicion and conjecture cannot stand'." *Commonwealth v. Frey,* 264 Pa.Super. 212, 215, 399 A.2d 742, 743 (1979) quoting *Commonwealth v. Rothman,* 226 Pa.Super. 319, 322, 310 A.2d 353, 354 (1973).

■ In this case, the evidence was insufficient. The mere fact that other persons were present in the car was insufficient to show that they knew appellant had a pistol in his possession or that they were a part of a conspiracy to carry it in violation of law. Mere presence at or near the scene of an offense, it has been held repeatedly, is insufficient to establish that one is part of a conspiracy. *Commonwealth v. Sadusky,* 484 Pa. 388, 392, 399 A.2d 347, 349 (1979); *Commonwealth v. Emmi,* 290 Pa.Super. 86, 93, 434 A.2d 142, 145 (1981); *Commonwealth v. Knox,* 273 Pa.Super. 563, 566,

417 A.2d 1192, 1193 (1980); *Commonwealth v. Jefferson,* 271 Pa.Super. 199, 203, 412 A.2d 882, 884 (1979); *Commonwealth v. Manlin,* 270 Pa.Super. 290, 293, 411 A.2d 532, 534 (1979). Thus, while the evidence and reasonable inferences therefrom were sufficient to permit the fact finder to conclude that appellant had been in constructive possession of the gun, there was no evidence that a conspiracy to possess the gun had existed with other occupants of the car. See and compare: *Commonwealth v. Hamm, supra.*

The trial court imposed only one sentence following three separate convictions. It is impossible to ascertain from the record whether the sentence for possessing an instrument of crime was influenced by the improper conviction for conspiracy. Therefore, we will vacate the judgment of sentence and remand for resentencing on the convictions for possession of an instrument of crime and for possession of a firearm without a license. See: *Commonwealth v. Conrad,* 285 Pa.Super. 571, 578, 428 A.2d 192, 196 (1981); *Commonwealth v. Bollinger,* 274 Pa.Super. 112, 124–125, 418 A.2d 320, 326–327 (1979); *Commonwealth v. Miller,* 269 Pa.Super. 589, 592, 410 A.2d 857, 859 (1979); *Commonwealth v. Grant,* 235 Pa.Super. 357, 365–366, 341 A.2d 511, 515 (1975).

It is so ordered.