J-S69036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEROME WILLIAMS | |
| Appellant | No. 636 EDA 2014 |

Appeal from the Judgment of Sentence entered October 10, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0009338-2012

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and STABILE, J.

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 16, 2015**

Appellant, Jerome Williams, appeals from the October 10, 2013 judgment of sentence imposing an aggregate three to six years of incarceration for violations of the Uniform Firearms Act ("VUFA"), 18 Pa.C.S.A. §§ 6106 and 6108.  We affirm.

The trial court recited the pertinent facts, which are not in dispute, in its Pa.R.A.P. 1925(a) opinion:

> On May 29, 2012, at around 1:59 a.m., Officer [Russell] Valenza was in full uniform in a marked a [sic] patrol car traveling westbound on the 3200 block of Market Street in the city and county of Philadelphia, Pennsylvania.  At this time, Officer Valenza heard multiple gunshots just south of Market Street and then saw a silver Chevy Impala disregard a red light at a high rate of speed.  Officer Valenza then activated his lights and sirens and attempted to stop the Chevy Impala, which refused to stop.  Officer Valenza then engaged in a vehicle pursuit in which the Chevy Impala disregarded approximately nine stop signs and three traffic lights until the vehicle hit a curb

at 33rd and Mantua Streets. At this time, Officer Valenza observed [Appellant] exiting the front passenger seat of the Chevy Impala and fleeing westbound towards 34th Street. Officer Valenza apprehended [Appellant] at approximately 34th and Market Streets. Officer Valenza then went back to the vehicle and in plain view on the front passenger floor was a black Glock 36 with the magazine still in the handgun and the slide was locked to the rear, which is consistent with the gun just being fired. Officer Valenza also recovered a silver handgun approximately ten feet away from the passenger side of the car.

Trial Court Opinion, 5/13/14, at 1-2.

Appellant proceeded to an August 14, 2013 bench trial, at the conclusion of which the judge found him guilty of the aforementioned offenses.[1] On October 10, 2013, the trial court sentenced Appellant to serve two to four years for carrying a firearm without a license (§ 6106) and a consecutive one to two years of incarceration for carrying a firearm in public in Philadelphia (§ 6108). Appellant filed a timely post-sentence motion on October 17, 2013, and that motion was denied by operation of law on February 18, 2014. *See* Pa.R.Crim.P. 720(B)(3)(a) ("If the judge fails to decide the [post-sentence] motion within 120 days [. . .] the motion shall be deemed denied by operation of law."). Appellant filed a timely notice of appeal on February 27, 2014.

Appellant raises three assertions of error. First, he argues the record contains insufficient evidence of his possession of a firearm. Second, he

_____

[1] The trial court found Appellant not guilty of fleeing a police officer in violation of 75 Pa.C.S.A. § 3733(a) of the Motor Vehicle Code.

argues the trial court used an incorrect offense gravity score (OGS) in ascertaining the guideline range applicable to his sentence. Third, he argues the trial court abused its discretion in imposing consecutive sentences where both VUFA offenses arose out of the same set of facts. Appellant's Brief at 4. We will address these arguments in turn.

First, we address Appellant's challenge to the sufficiency of the evidence.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Devine*, 26 A.3d 1139, 1145 (Pa. Super. 2011), *appeal denied*, 42 A.3d 1059 (Pa. 2012).

Appellant notes that police never saw him in physical possession of a gun and that he was not the owner or operator of the vehicle in which Officer Valenza found the gun and that two other people were in the vehicle

with him. Appellant also notes that he was not in possession of accessories such as a holster, bullets, or clips when he was apprehended. Appellant therefore argues the record contains insufficient evidence of his guilt.

Applicable law does not support Appellant's argument. As noted, the trial court sitting as finder of fact was free to base its verdict on circumstantial evidence. **Devine**, 26 A.3d at 1145. Furthermore, where a perpetrator is not in actual physical possession of contraband, the Commonwealth can obtain a conviction by proving the perpetrator's constructive possession of the item:

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

**Commonwealth v. Hopkins**, 67 A.3d 817, 820 (Pa. Super. 2013), *appeal denied*, 78 A.3d 1090 (Pa. 2013).

A defendant can be in constructive possession of contraband when he is among several occupants of a vehicle. In **Hopkins**, for example, the defendant was the driver of a vehicle with a companion in the front passenger seat. **Id.** at 819. Police observed the passenger throw a brick of heroin to the floor of the car. **Id.** Police also observed the defendant reaching into the console between the driver's seat and front passenger

- 4 -

seat. *Id.* Police retrieved heroin and a 0.38 caliber firearm from the console area. *Id.* This Court held that the totality of the circumstances supported the defendant's constructive possession of the heroin and firearm, despite their location in an area accessible to defendant and his companion. *Id.* at 821. The *Hopkins* Court noted that the defendant drove the car the wrong way down a one-way street to the site of an apparent drug transaction, that he reached into the area of the car where police found the contraband, and that the gun was within arms' length of the driver's seat. *Id.* Police also found cash and two cell phones on the defendant's person. *Id.*

In *Commonwealth v. Thompson*, 779 A.2d 1195, 1199-1200 (Pa. Super. 2001), *appeal denied*, 790 A.2d 1016 (Pa. 2001), this Court held that a passenger was in constructive possession of contraband. The defendant was in a rear passenger seat, and was observed moving his hand toward a crack in the seat from which police retrieved cocaine. *Id.* at 1199. The defendant admitted to possession of several bags of marijuana found right next to the cocaine. *Id.* We concluded the evidence was sufficient to support the defendant's constructive possession of the cocaine, notwithstanding the presence of another passenger in the backseat. *Id.* at 1199-1200.

In *Commonwealth v. Carter*, 450 A.2d 142, 147 (Pa. Super. 1982), the defendant driver of a vehicle containing two other occupants was held to

be in constructive possession of a firearm on the floor under the brake pedal. The gun was within clear view of the driver, evincing that he was aware of the gun and that it was within the area of his immediate control. *Id.* The driver's behavior after police stopped his vehicle – initially he ignored police instructions to place his hands on the windshield instead reached toward the floor of the car – buttressed the Commonwealth's case. *Id.* at 147-48.

Likewise, in **Commonwealth v. Stembridge**, 579 A.2d 901 (Pa. Super. 1990), the defendant was in constructive possession of a bag of methamphetamine found under the passenger side of a vehicle where he had been sitting. *Id.* at 902. The defendant also had methamphetamine on his person at the time of his arrest. *Id.*

In each of the foregoing cases, the Court addressed the totality of the circumstances. Mere presence in a vehicle where police find a weapon is not sufficient to establish constructive possession. **Carter**, 450 A.2d at 147. "Individually, the circumstances may not be decisive; but, in combination, they may justify an inference that the accused had both the power to control and the intent to exercise that control, which is required to prove constructive possession." **Id.** The defendant's conduct both prior and subsequent to police intervention is relevant to our analysis. In **Hopkins**, for example, the Court noted the defendant drove the wrong way down a

one-way street to an apparent drug transaction. In *Carter*, the Court noted the defendant's evasive conduct after the vehicle stop.

In the case on appeal, Officer Valenza heard gunfire and then observed a vehicle speed through a red light away from the location of the gunfire. The vehicle continued with Officer Valenza in pursuit, disregarding numerous stop signs and traffic lights. Finally, the vehicle's occupants, including Appellant, fled from the vehicle on foot. Officer Valenza observed Appellant exit the front passenger seat. From the floor in front of that seat, Officer Valenza retrieved a Glock with a magazine in it and the slide pulled back, conditions that evinced its recent use. Officer Valenza retrieved another handgun ten feet outside the passenger door of the vehicle.

Thus, the totality of the circumstances includes the sound of gunfire, the vehicle's flight from a marked police cruiser with lights and sirens activated, Appellant's subsequent flight on foot, one handgun on the floor in front of Appellant's seat and another just outside the passenger door. Per this Court's analysis in *Carter*, the Glock on the car floor was within the area of Appellant's immediate control. We believe these circumstances clearly evince Appellant's constructive possession of a firearm.

Appellant argues that the lack of any ammunition or other accessories on his person weighs against his constructive possession of a firearm. We disagree. This Court in *Hopkins* noted that the cash and two cell phones found on the defendant's person supported a finding that he was in

constructive possession of the drugs and firearm. However, the absence of such evidence does not require a contrary result, especially in light of all of the circumstances, summarized above, plainly indicating that Appellant had the ability and intent to exercise control over a firearm. In summary, the record contains sufficient evidence to support a finding that Appellant was in constructive possession of a firearm. Appellant's first argument does not merit relief.

Appellant's second assertion of error is that the trial court applied the wrong offense gravity score. This argument challenges the discretionary aspects of the trial court's sentence. *Commonwealth v. Archer*, 722 A.2d 203, 208-11 (Pa. Super. 1998) (*en banc*). In his third argument, he asserts the trial court abused its sentencing discretion in imposing consecutive sentences.

In order to preserve a challenge to the discretionary aspects of a trial court's sentence, an appellant must, among other things, include in his brief a concise statement of the reasons relied upon for allowance of appeal. Pa.R.A.P. 2119(f). Appellant has failed to do so here. We could overlook this error absent an objection from the Commonwealth, but in this case the Commonwealth has objected to Appellant's omission. Commonwealth's Brief at 12-13. Given the Commonwealth's objection, "this Court cannot overlook this procedural error." *Archer*, 722 A.2d at 211. We are constrained to

conclude that Appellant has failed to preserve his second and third arguments for appellate review.

In summary, we have concluded that Appellant's first argument lacks merit, and that he has failed to preserve his other arguments for review. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2015