J-A08026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| QUINN L. WISE | |
| Appellee | No. 1366 EDA 2016 |

Appeal from the Order April 8, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000732-2016

BEFORE: PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 12, 2017**

The Commonwealth of Pennsylvania ("Commonwealth") appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying its motion to reinstate firearm charges[1] filed against the Defendant-Appellee, Quinn L. Wise. After careful review, we affirm.

In November 2015, Wise was arrested and charged with possession of a firearm with manufacture number altered,[2] possession of a firearm not to

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note that a magistrate's decision to dismiss criminal charges after a preliminary hearing is unappealable. **_See Commonwealth v. Hetherington_**, 331 A.2d 205, 208 (Pa. 1975). Therefore, the reinstitution of charges is the only recourse available to the Commonwealth after it fails to establish a _prima facie_ case at a preliminary hearing. **_Id._**

[2] 18 Pa.C.S. § 6110.2(a).

be carried without a license,[3] carrying a firearm in public in Philadelphia,[4] and hindering apprehension or prosecution.[5]  Following a preliminary hearing, held on January 20, 2016, the trial court found that the Commonwealth failed to establish a *prima facie* case against Wise for the firearm charges and dismissed those charges.  Specifically, the court concluded that the Commonwealth did not produce any evidence, including circumstantial evidence, to establish that Wise possessed the gun used in a homicide.  The Commonwealth filed a motion to reinstate Wise's firearm charges, which the court denied on April 8, 2016.

The Commonwealth filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. The Commonwealth presents one issue for our consideration:  Should the dismissed firearm charges be reinstated where the evidence, when properly viewed in the light most favorable to the Commonwealth, established a *prima facie* case that defendant illegally possessed a firearm?

---

[3] 18 Pa.C.S. § 6106(a)(1).

[4] 18 Pa.C.S. § 6108.

[5] 18 Pa.C.S. § 5105(a)(1).  In the same order denying the Commonwealth's motion to reinstate Wise's firearms charges, the trial court also granted the defense's motion to quash the hindering apprehension charge.  **See** Order, 4/8/16.  The Commonwealth does not challenge this decision on appeal.

A "*prima facie* case exists when the Commonwealth produces evidence [that] . . . establishes sufficient probable cause to warrant the belief that the accused committed the offense." **Commonwealth v. Huggins**, 836 A.2d 862, 866 (Pa. 2003) (citation omitted). Moreover, "the evidence must be read in the light most favorable to the Commonwealth's case[,]" and we are to give effect to the "inferences reasonably drawn from the evidence of record[.]" **Id.** (citation and internal brackets omitted).

To show constructive possession of a firearm, the Commonwealth was required to establish that Wise had "the power to control the [weapon] and the intention to exercise that control." **Commonwealth v. Cruz**, 21 A.3d 1247, 1253 (Pa. Super 2011), citing **Commonwealth v. Townsend**, 237 A.2d 192 (Pa. 1968). Constructive possession may be established by the totality of the circumstances. **Id.**

At the preliminary hearing, the Commonwealth produced evidence relating to a homicide that took place on the 1300 block of North Conestoga Street on May 18, 2015. N.T. Preliminary Hearing, 1/20/16, at 4. Upon arrival at the crime scene, an officer discovered an unoccupied Buick Enclave, with license plate JTT-0335, parked approximately 10-15 feet from the decedent. The vehicle's keys were still in the ignition and the doors were unlocked. **Id.** at 5, 10. A crime scene officer recovered a firearm, in plain view, on the passenger-side floor of the Enclave. **Id.** at 10, 17. Finally, the 18 bullets found in the victim were traced to the weapon found in the Enclave. **Id.**

A couple of hours after the decedent's body was removed from the crime scene, officers observed Wise get out of a black Nissan Maxima, walk up to the Enclave's driver's side door, and pull the door open. *Id.* at 12. Wise told the officers that the Enclave was her vehicle and, at the officer's request, she produced a Pennsylvania driver's license bearing the name "Nicolette Wise." *Id.* at 13-14. Wise was taken to the police station for questioning where she gave a statement explaining that she registered the car in her sister's name because she did not have her license at the time she purchased the vehicle. *Id.* at 24. Wise also stated that "her baby's father [had] told her" that the car was parked at the North Conestoga location and that she was retrieving it for her sister when the officers stopped her. *Id.* 23-24. Finally, Wise stated that she had no idea how the car got to that location, but that her baby's father had taken the car that morning and had called her around 1:24 a.m. and told her to "get the car from the block at the Elbow Bend [Bar at the intersection of Conestoga and Thompson Streets]." *Id.* at 24, 26.

A buccal (or cheek) swab taken from Wise tested positive for her DNA on the empty magazine of the firearm and the gear shift of the vehicle. *Id.* 6. Wise's DNA was not found on the hammer, trigger, or stock of the gun. *Id.*

Instantly, the Commonwealth failed to show that Wise possessed the weapon found in the Enclave; there is no evidence that Wise either knew of the presence of the weapon in the vehicle or that she ever had the power to

control the gun. ***See Commonwealth v. Carter***, 450 A.2d 142 (Pa. Super. 1982) (mere presence in automobile in which weapon is found is not sufficient to prove that passenger is in possession of weapon). Wise told the officers that she did not even know a gun had been found in the Enclave until the officers told her about it when she was questioned at the station. Wise readily admitted that she owned the vehicle; however, she told the police officer that the father of her child had taken the car earlier in the day and she was unaware of the vehicle's location until he told her to pick it up that morning.

Considering the evidence in the light most favorable to the Commonwealth, we conclude that there was nothing to establish a *prima facie* case that Wise ever possessed or had control over the firearm. The fact that Wise's DNA was found on the gearshift of the Enclave and the interchangeable, empty magazine of the firearm does not establish that Wise had power or control over the weapon – especially where the evidence did not show that she was ever inside the vehicle with the gun and where her DNA was not on the gun itself. ***Cf. Carter***, ***supra*** (defendant constructively possessed gun where gun had been on floor below and within clear view of defendant while car was being driven and when stopped; court properly inferred defendant had been aware of presence of gun and that gun had been within area of defendant's immediate control where none of other car's occupants had opportunity between stop and gun's discovery to place gun on car floor). Accordingly, because the Commonwealth failed to produce

evidence to establish sufficient probable cause to warrant the belief that Wise possessed the gun, **Huggins***, supra*, the trial court correctly denied the motion order to reinstate the gun charges.

Order affirmed.

Judge Panella joins the Memorandum.

President Judge Emeritus Stevens files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/12/2017