J-A05045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : : | |
| TAYVON EURE | : : | |
| Appellant | : | No. 2431 EDA 2016 |

Appeal from the Judgment of Sentence March 4, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011327-2014

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                          **FILED MAY 09, 2018**

Appellant, Tayvon Eure, appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County, which sitting as finder of fact in Appellant's non-jury trial found him guilty of, *inter alia*, persons not to possess firearms, 18 Pa.C.S.A. § 6105(a)(1), and carrying firearms on public streets or public property in Philadelphia, 18 Pa.C.S.A. § 6108. Appellant contends the evidence was insufficient to sustain his convictions. We affirm.

The trial court sets forth the pertinent facts and procedural history as follows:

> On September 21, 2014, at approximately 3:00 a.m., Officer Amir Watson ("Officer Watson") and his partner Officer Dickson were on routine patrol in the area of 2602 Berbru Street in Philadelphia, Pennsylvania.  N.T., 1/4/16, at 9-12.  During this time, Officer Watson was on his normal patrol when he observed the defendant

_____

*   Former Justice specially assigned to the Superior Court.

[hereinafter "Appellant"]. *Id.* Traveling eastbound on the 7300 block of Buist Avenue, Officer Watson first observed Appellant wen turning onto the 2600 [block] of Berbru Street, at which time Appellant looked towards his direction. *Id*. A moment later, Officer Watson observed Appellant walk over to a 2003 white Chevrolet Trailer [sic] Blazer and bend down to discard an object. *Id*. At the time, Officer Watson heard a "clinking" sound of metal and saw Appellant run inside 2602 Berbru Street. *Id*. at 13.

Officer Watson exited the vehicle to inspect the scene while his partner activated the police vehicle's lights. *Id*. Officer Watson shined his flashlight at the location where he heard the object and discovered a silver firearm. *Id*. At that point, Officer Watson yelled to his partner that Appellant threw a gun. *Id*. He then attempted to chase Appellant inside the property of 2602 Berbru Street, but never made direct contact. *Id*. at 13-14. Upon arriving at the back of the entrance of the property, [Officer Watson] finds Appellant apprehended by his partner, Officer Dickson. *Id*. at 14.

On September 21, 2014, Appellant was arrested and charged with Possession of a Prohibited Firearm, 18 Pa.C.S.A. § 6105(a)(1), Intentionally Possessing a Controlled Substance by a Person Not Registered, 35 Pa.C.S.A. § 780-113(a)(16), Possession of Marijuana, 35 Pa.C.S.A. § 780-113(a)(31), Carrying Firearms in Public, 18 Pa.C.S.A. § 6108, Criminal Trespass, 18 Pa.C.S.A. § 3503(a)(1), and Carrying a Firearm Without a License, 18 Pa.C.S.A. § 6106(a)(1). On October 6, 2014, the lower court dismissed charges for criminal trespass and carrying a firearm without a license. On [January] 4, 2016, Appellant requested and was granted a [waiver trial] before the Honorable Sean F. Kennedy. N.T. at 5-8. Based on the testimony presented at trial, Appellant was found guilty on the remaining charges at the conclusion of trial. *Id.* at 44. Appellant was then sentenced to 5-10 years of state incarceration with the court permitting credit for time already served. N.T., 3/4/16, at 15.

On March 7, 2016, Appellant moved for Reconsideration of Sentence. On July 5, 2016, said motion was denied by operation of law. On July 20, 2016, a Notice of Appeal to the Superior Court was filed on behalf of Appellant. On September 19, 2016, [trial counsel] moved to withdraw as defense counsel and [Appellant] sought trial court appointment of new counsel. On January 24, 2017, the trial court appointed [new counsel] to represent Appellant in his appeal. Under these circumstances, the newly

appointed counsel filed a timely Notice of Appeal on behalf of Appellant with the Superior Court of Pennsylvania.

Trial Court Opinion, filed May 22, 2017, at 1-3.

Appellant presents one question for our review:

**WHETHER THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF THE FIREARMS OFFENSES BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN THE VERDICT?**

Appellant's brief at vi.

Appellant's claim centers on the argument that evidence failed to demonstrate he possessed the firearm recovered alongside the SUV where he briefly hid before fleeing the scene. Three other people were standing within fifteen feet of him at the time, he maintains, and Officer Watson never saw a gun in his hand. Given such uncertain circumstances, the court erred in finding the Commonwealth proved beyond a reasonable doubt his constructive possession of the gun, Appellant posits. We disagree.

Our well-settled standard of review regarding sufficiency of the evidence claims is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime

beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

The crime of persons not to possess firearms is defined, in pertinent part, as follows:

A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1).

Carrying a firearm in public in Philadelphia is defined as follows:

No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:

(1) such person is licensed to carry a firearm; or

(2) such person is exempt from licensing under section 6106(b) of this title (relating to firearms not to be carried without a license).

18 Pa.C.S.A. § 6108.

When a prohibited item is not discovered on a defendant's person, or in his actual possession, as is the case here, the Commonwealth may prove the defendant had constructive possession of the item.

- 4 -

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

> *Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa. Super. 2012), *appeal denied*, [ ] 63 A.3d 1243 (2013) (internal quotation marks and citation omitted).

*Commonwealth v. Hopkins*, 67 A.3d 817, 820-821 (Pa. Super. 2013).

Viewing the evidence in a light most favorable to Commonwealth as verdict winner, we find there was sufficient circumstantial evidence to prove Appellant knowingly possessed the firearm found at the base of an SUV. One of four persons standing near a street corner, Appellant alone acted furtively upon seeing police, and he ducked quickly behind the SUV at precisely the same time Officer Watson heard emanate from that location a "clinking" noise consistent with a gun or other metal object of similar weight falling to the pavement. Appellant immediately ran, and Officer Watson alighted from the patrol car and observed a gun lying on the ground where Appellant had just been. When police apprehended Appellant and escorted him back to the patrol car, the by-standers were still at the scene.

Based on Officer Watson's unrebutted testimony, a reasonable finder of fact could conclude that Appellant discarded the handgun at the location where he momentarily hid from police before taking flight. Appellant's furtive action

- 5 -

and his subsequent flight were probative of guilt. *See Commonwealth v. Dent*, 837 A.2d 571, 576 (Pa. Super. 2003) (flight indicates consciousness of guilt, and court may consider this as evidence along with other proof from which guilt may be inferred). Moreover, the evidence showed there was no other reasonable explanation for the "clinking" sound Officer Watson heard as Appellant ducked behind the SUV, as only the gun lay in that spot.

Finally, contrary to Appellant's argument, that bystanders may have had access to the gun when it was on the ground does not undermine the sufficiency of the evidence offered against Appellant. *See In Re R.N.*, 951 A.2d 363, 369-70 (Pa. Super. 2008) (Commonwealth need show only knowing possession of gun, not exclusive access or control); *Commonwealth v. Carter*, 450 A.2d 142 (Pa. Super. 1982) (constructive possession shown where only driver, in car with multiple passengers, had opportunity to hide gun and was seen reaching down where gun was later found). In any event, at the critical time when Officer Watson observed Appellant hide behind the SUV and heard the distinctive sound in question, Appellant exercised exclusive control over this immediate area.

Accordingly, because the Commonwealth introduced circumstantial evidence proving the element of possession beyond a reasonable doubt, we reject Appellant's sufficiency challenge.

Judgment of sentence is AFFIRMED.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/18