J-A30044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| COLIN FRANK KING | : | |
| | : | |
| Appellant | : | No. 496 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 25, 2019
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000723-2018

BEFORE:   DUBOW, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED FEBRUARY 12, 2020**

Appellant, Colin Frank King, appeals from the Judgment of Sentence entered following his convictions, following a bench trial, of possession of a firearm by a person not to possess; possession of a firearm without a license; carrying a loaded weapon in a vehicle; possession of drug paraphernalia; possession of a small amount of marijuana; driving while operating privileges are suspended or revoked; and speeding.[1]  He challenges the sufficiency of evidence regarding his convictions for possession of a firearm by a person not to possess and possession of a firearm without a license, asserting that the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), and 6106.1(a); 35 P.S. §§ 780-113(a)(32) and 780-113(a)(31)(i); and 75 Pa.C.S. §§ 1543(a) and 3362(a)(3).

Commonwealth failed to establish that he actually possessed the weapon.

After careful review, we affirm.

The relevant facts are set forth in the trial court's opinion.

On March 23, 2018 at approximately 1:45PM [Appellant] was driving a motor vehicle in the Borough of Tamaqua, Pennsylvania when he was clocked as travelling at 63.6 miles per hour in an area with a posted speed limit of 45 miles per hour. Police pursued the vehicle and pulled the car over, and asked for his documentation. [Appellant] provided a Pennsylvania ID card and told police he did not have a license, that it was not suspended and that he was working with PennDOT to correct that. The police ran his Pennsylvania ID card number and [Appellant's] driver's license came back as suspended. The police officer who initiated the stop, Office Richard Bekesy ("Bekesy"), noticed that [Appellant] seemed very nervous, more nervous than is usual for someone pulled over for speeding. Bekesy called for backup and wrote up two citations for speeding and for driving with a suspended license.

Because [Appellant] had a suspended license, Bekesy was not going to allow [Appellant] to continue driving, and told [Appellant] he was contacting a towing company because [Appellant], being from Philadelphia, had no person who could arrive at the scene within ten minutes to drive the car. After backup arrived, Bekesy had [Appellant] sign the two citations and step out of the vehicle. Bekesy directed [Appellant] to go to the passenger side of the car to talk to the other officer. Because the vehicle was going to be towed, Bekesy told [Appellant] that he was going to do an inventory of the vehicle. [Appellant] told Bekesy that it was not necessary for him to do an inventory.

Bekesy started by looking into the open driver's side door and checked the center console by opening it, where he found a loaded Glock Model 23, .40 caliber pistol. Bekesy showed the loaded gun to Officer Anthony Stanell ("Stanell"), who was facing him, and Stanell drew his gun upon [Appellant]. The gun was introduced into evidence at the trial. Bekesy also found a marijuana grinder on top of the center console.

[Appellant] was taken into custody. During a pat-down search, [in Appellant's] front right pocket was a small amount of marijuana in a bag. These were also introduced into evidence.

When the police arrived at the police station, they ran the serial number of the gun, and eventually learned that it was owned by an Antwyone Martin, who resided in Philadelphia. On cross-examination, Bekesy testified that the vehicle [Appellant] was driving was owned by his mother, Dorothy King. The police did not have the gun tested for DNA or fingerprints.

— — —

[T]he Commonwealth presented evidence that [Appellant] pled guilty to a felony crime for robbery in 2007 in Luzerne County, Pennsylvania

Trial Court 1925(a) Opinion at 2-4 (citations to N.T. omitted). On March 25, 2019, the trial court sentenced Appellant to an aggregate term of not less than four nor more than eight years of incarceration, plus an additional two years' probation. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

We note that in the section of his brief identified as "Questions Presented," Appellant, obviously in error, identifies only two issues, neither of which is related to the crimes of which he was convicted or the facts and circumstances of this case; the stated issues refer to a jury verdict of guilty for attempt to commit murder of the first degree and criminal attempt to commit robbery. *See* Appellant's Brief at 3. Appellant's summary of argument, however, properly identifies the two convictions that he is appealing, i.e., persons not to possess firearms and firearms not to be carried,

and the argument section of his brief duly addresses each of the two crimes.

In his statement of errors complained of on appeal, Appellant properly sets

forth the issues as follows:

> 1. Whether the evidence and testimony was insufficient to support the bench verdict of guilty of possession of a firearm prohibited in that the Commonwealth witness never addressed any testimony defendant "unlawfully and knowingly" possessed or controlled a firearm in that the sole testimony of Commonwealth witnesses consisted of fact that gun was contained in the console of vehicle owned by mother of defendant.
>
> 2. Whether the evidence and testimony were sufficient to support the bench verdict as to guilty as to firearms not to be carried by license in that Commonwealth adduced no testimony and evidence that defendant unlawfully and feloniously carried firearm in that no fingerprints, documentation, or statements were entered at time of trial as to required statutory modicum of proof.

Appellant's Concise Statement of Errors Complained of on Appeal, filed April

12, 2019. We proceed therefore to consider his claims challenging the

sufficiency of evidence. "A claim challenging the sufficiency of evidence is a

question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa.

2000). "[O]ur standard of review is *de novo* and our scope of review is

plenary." *Commonwealth v. Hutchinson*, 164 A.3d 494, 497 (Pa. Super.

2017) (citation omitted). In reviewing a sufficiency challenge, we must

determine:

> [W]hether the evidence admitted at trial, and all reasonable inferences therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable

the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to reweigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. Additionally, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.

*Commonwealth v. Feliciano*, 67 A.3d 19, 23-24 (Pa. Super. 2013) (*en banc*) (citations omitted).

To sustain a conviction for the crime of persons not to possess firearms, the Commonwealth must prove that a defendant possessed a firearm and that he had been previously convicted of an enumerated offense that prohibits him from possession, using, controlling, or transferring a firearm. 18 Pa.C.S. § 6105. The crime of possession of a firearm not to be carried without a license is defined, in relevant part, as follows:

(1)…any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a). Here, Appellant avers that the Commonwealth presented no testimony or evidence, other than mere proximity, that he

- 5 -

knowingly possessed or controlled the firearm, nor was there sufficient testimony or evidence in the form of fingerprints or documentation to establish that he actually handled the weapon. Where possession is an element of a crime, the Commonwealth may demonstrate actual or constructive possession. **Commonwealth v. Hopkins**, 67 A.3d 817, 820 (Pa. Super. 2013). Here, the firearm was not located on Appellant's person. Thus, the Commonwealth was required to establish constructive possession.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Id.*

The trial court addressed the sufficiency question as follows:

> In this case, [Appellant] was driving a vehicle with a loaded handgun within his reach. He was travelling at an excessive speed and driving without a driver's license. He was untruthful in telling the police that his driver's license was not suspended and that he didn't have it because of an administrative error by PennDOT. His extreme nervousness when he was first stopped, and his level of excitement in telling the police that they did not need to "do that," or "search there" when the officer began his inventory of the vehicle, was sufficient beyond a reasonable doubt that [Appellant] knew that there was a gun in the console. He could not have reasonably been referencing the marijuana grinder, because it was found sitting in plain view, on top of the [console]. Rather, [Appellant] was asking the police not to open the console, where the loaded gun was found. The

console was not locked nor was there any evidence that it required a key to be opened. [Appellant] was the only occupant of the vehicle. He was familiar with the car because it was his mother's….The fact that [Appellant] was the sole occupant, was very nervous when he was stopped, and became excited after he was told about the inventory search, and then told the police they didn't need to search, is indicative of consciousness of guilt.

- - -

In this case, the Commonwealth presented evidence sufficient to establish beyond a reasonable doubt that [Appellant] constructively possessed a loaded gun for which he had no license, that [Appellant] was a felon and not to possess a firearm, and that he constructively possessed a loaded Glock pistol at the time of the traffic stop.

Trial Court 1925(a) Opinion at 5-6, 8. This Court has addressed the totality of the circumstances in various situations wherein it determined that constructive possession had been established, even where there were multiple occupants of a vehicle. Mere presence in a vehicle where police find a weapon is not sufficient to establish constructive possession. **Commonwealth v. Carter**, 450 A.2d 142, 147 (Pa. Super. 1982). We have, however, found constructive possession where the weapon or contraband is within the defendant's easy reach from where seated in the vehicle and fully accessible to him. For example, constructive possession was found in **Commonwealth v. Parker**, 847 A.2d 745, 747 (Pa. Super. 2004) (defendant driver of vehicle owned by his girlfriend found to constructively possess handgun found under the driver's seat; **Commonwealth v. Thompson,** 779 A.2d 1195, 1199-1200 (Pa. Super. 2001)(defendant in rear passenger seat with another passenger was found to constructively possess cocaine after being observed moving his

hand toward a crack in the seat where contraband retrieved); ***Commonwealth v. Stembridge***, 579 A.2d 901, 902 (Pa. Super. 1990)(defendant found to constructively possess drugs found on passenger side of vehicle where he had been sitting); ***Carter***, 450 A2d at 14 (defendant driver of vehicle with two other occupants was found to constructively possess a firearm found on the floor under the brake pedal). Here, Appellant was the driver and sole occupant of the vehicle, and the loaded Glock pistol was found in the unlocked console, next to the driver and within his reach. Appellant demonstrated extremely nervous behavior after his vehicle was stopped, and when police advised him that an inventory would be taken of the vehicle's contents, and as an officer was searching "the driver's compartment of the area," Appellant evinced his awareness of the weapon, excitedly admonishing police that, "you don't need to do that" or "you don't have to search that." N.T. at 13, 28.

We find that, under the totality of the circumstances established by the Commonwealth, the finder of fact could reasonably have found that Appellant had the power to control the firearm and the intent to exercise control over it. ***Hopkins, supra***. Accordingly the evidence was sufficient to prove Appellant committed the offenses of possession of a firearm not to be carried without a license and possession of a firearm by a person not to possess.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/12/2020